**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No.   20-CV-3306 ) ) |
| BANK OF AMERICA N.A., | ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff, the United States of America alleges as follows:

1. This action is brought by the United States to enforce the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619 ("FHA").

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because events giving rise to the United States' claim occurred in this District and the Defendant does business in this District.

## FACTUAL ALLEGATIONS

4. Defendant Bank of America N.A. ("Bank of America") is, and was during all times relevant to this action, a bank holding company with its principal place of business in Charlotte, North Carolina, that does business in this District. Bank of America offers the traditional services of a financial depository and lending institution, including the receipt of monetary deposits and the financing of residential housing and commercial loans.

1

5. Bank of America has a first mortgage lending business, which includes purchase and refinance loans and loan modifications, and a home equity lending business, which includes home equity lines of credit ("HELOCs") and, until July 2015, included home equity loans. These loans constitute "residential real estate-related transactions" within the meaning of Section 3605 of the FHA, 42 U.S.C. § 3605.

6. From at least January 2010 until February 2016, Bank of America had a written policy in its first mortgage lending business that prohibited lending to adult applicants represented by legal guardians or conservators. Bank of America applied this policy on a nationwide basis.

7. From at least January 2010 until May 2017, Bank of America had a written policy in its home equity business that prohibited lending to adult applicants represented by legal guardians or conservators and prohibited lending where the property to secure the loan was owned by a guardianship or conservatorship. Bank of America applied this policy on a nationwide basis.

8. During all relevant times, Bank of America also had a written general eligibility requirement for both its first mortgage and home equity business that prohibited any loans that involved a conservatorship or guardian.

9. Bank of America's policies during the relevant time period defined a conservatorship as "created by a court order that appoints a person or entity (the conservator) to manage the financial affairs and/or the personal care of a mentally and/or physically incapacitated adult (the conservatee)." The policies also stated that guardians and conservators may be appointed to manage the affairs of individuals "ruled incompetent."

10. From at least January 2010 until February 2016 in its first mortgage business, and until May 2017 in its home equity business, Bank of America denied loans to adult applicants

who had legal guardians or conservators or who sought loans on property owned by a guardianship or conservatorship, pursuant to the policies described in paragraphs 6-9. Some of the denied loans involved applicants and properties located in this District.

11. All of the adult applicants and property owners who were denied loans because they had a legal guardian or conservator pursuant to the policies described in paragraphs 6-9 have a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

12. No adults who were denied loans pursuant to the policies described in paragraphs 6-9 had a guardian or conservator for any reason other than disability.

13. State courts may appoint a legal guardian or conservator over adult individuals who are found "incapacitated" under state law. For example, New York Mental Hygiene Law provides that a guardian may be appointed when "the appointment is necessary to provide for the personal needs of that person . . . and/or to manage the property and financial affairs of that person; and . . . that person is incapacitated," meaning "(1) the person is unable to provide for personal needs and/or property management; and (2) the person cannot adequately understand and appreciate the nature and consequences of such inability." N.Y. Mental Hygiene Law § 81.02(a)-(b).

14. Because, in general, courts require a finding of incapacity before appointing a guardian or conservator, individuals with disabilities are significantly more likely to be subject to guardianships and conservatorships than non-disabled individuals.

15. Bank of America knew that it was denying loans to individuals with disabilities because either the guardian or conservator informed the bank of the individual's disability, or documents submitted to the bank described the individual's disability.

16. Bank of America told guardians and conservators of individuals with disabilities that it could not approve loans where the borrower or property was under a guardianship or conservatorship and that it had a policy that did not permit such loans.

17. In some cases, Bank of America denied loans even where the applicants provided court orders that specifically granted the guardian or conservator the legal authority to mortgage property and/or to take out a mortgage loan on the specific property at issue on behalf of the individual with a disability.  In some instances, applicants made explicit requests that Bank of America reconsider its denial and accept the submitted court orders.  Bank of America refused these requests.

18. In some cases, Bank of America asked the applicant to provide a power of attorney document that gave the guardian or conservator the authority to sign on behalf of the individual with a disability, and the applicant requested that the bank instead accept court-ordered guardianship or conservatorship paperwork.  Bank of America refused these requests.

19. Individuals who were denied loans pursuant to the policies and practices described herein were otherwise qualified to obtain home mortgage loans or home equity loans from Bank of America.

20. Bank of America is subject to federal laws governing fair lending, including the Fair Housing Act and its implementing regulations of the Department of Housing and Urban Development, 24 C.F.R. § 100.1, et seq.  The Fair Housing Act prohibits financial institutions from, *inter alia*, discriminating on the basis of disability in their home-mortgage lending practices.

21. As described herein, Bank of America's policies and practices of denying mortgage loans and home equity loans to individuals with guardians and conservators constituted discrimination on the basis of disability.  Bank of America's policies and practices had the effect

4

of denying or discouraging equal opportunity to obtain lending services to persons with disabilities.

22. In addition, the application of Bank of America's policies and practices was substantially more likely to deny loans to persons with disabilities than non-disabled persons and those policies and practices had a disproportionate adverse effect on persons with disabilities.

23. As described in paragraphs 17-18 above, Bank of America's refusal to grant requests to make exceptions to its policies and practices constituted a denial of a reasonable accommodation. These denials affected the ability of loan applicants and property owners with disabilities to use and enjoy a home. For example, some applicants were unable to obtain loans to purchase homes, and other applicants were unable to obtain HELOCs to make necessary repairs on their homes.

24. Bank of America's policies and practices described herein were not justified by a legitimate, non-discriminatory reason.

25. As a result of Bank of America's policies and practices of denying loans to individuals with legal guardians and conservators, mortgage loan applicants and property owners with a disability sustained monetary damages.

## CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are re-alleged and incorporated by reference as though fully set forth herein. By the actions and statements referred to in the foregoing paragraphs, Defendant's conduct constitutes:

   a. Discrimination in the terms, conditions, or privileges of the sale of a dwelling, or in the provision of services in connection with such a dwelling, because of disability, in violation of the FHA, 42 U.S.C. § 3604(f)(2);

    b. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

    c. Discrimination in making available a residential real-estate transaction, or in the terms or conditions of such a transaction, because of disability, in violation of the FHA, 42 U.S.C. § 3605.

27. By the actions and statements described herein, Defendant has engaged in:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the FHA, in violation of 42 U.S.C. § 3614(a); and/or

    b. A denial to a group of persons of rights granted by the FHA, where such denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

28. Between 2010 and 2017, persons throughout the nation have been victims of Bank of America's discriminatory policies and practices. They are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendant's discriminatory conduct.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order that:

    a. Declares that Defendant's actions, policies, and practices, as alleged herein, violate the FHA;

    b. Enjoins Defendant, its agents, employees, and successors, and all other persons in active concert or participation with it, from:

        i. Discriminating on the basis of disability against any person in any aspect of home mortgage lending;

      ii. Discriminating on the basis of disability in the terms, conditions, or privileges of the sale of a dwelling, or in the provision of services or facilities in connection therewith;

      iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant's past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      iv. Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's unlawful housing practices;

    c.    Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to all persons aggrieved by Defendant's discriminatory housing policies and practices;

    d.    Assesses a civil penalty against Defendant in order to vindicate the public interest, as authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3); and

    e.    Awards such additional relief as the interests of justice may require.

## **JURY DEMAND**

The United States hereby demands a trial by jury of all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated:  July 23, 2020
       Brooklyn, NY

|  |  |
|---|---|
|  | WILLIAM P. BARR |
|  | Attorney General |
| SETH D. DuCHARME | ERIC S. DREIBAND |
| Acting United States Attorney | Assistant Attorney General |
| Eastern District of New York | Civil Rights Division |
|  |  |
| /s/ Rachel G. Balaban | SAMEENA SHINA MAJEED |
| RACHEL G. BALABAN | Chief |
| Assistant United States Attorney |  |
| 271 Cadman Plaza East | /s/ Katherine A. Raimondo |
| Brooklyn, New York 11201 | LUCY G. CARLSON |
| Phone: 718-254-6028 | Deputy Chief |
| Fax: 718-254-6081 | KATHERINE A. RAIMONDO |
| E-mail: rachel.balaban@usdoj.gov | Trial Attorney |
|  | Housing and Civil Enforcement Section |
|  | Civil Rights Division |
|  | U.S. Department of Justice |
|  | 4 Constitution Square |
|  | 150 M Street, NE, 8th Floor |
|  | Washington, DC  20530 |
|  | Phone: (202) 305-1987 |
|  | Fax: (202) 514-1116 |
|  | Katherine.Raimondo@usdoj.gov |
|  |  |
|  | Attorneys for Plaintiff |
|  | United States of America |