UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**UNITED STATES OF AMERICA**,                                   :
                                                                :
                              Plaintiff,                        :
                                                                : **ORDER**
                                                                :
                                                                : 20-CV-03306 (AMD) (RER)
            – against –                                         :
                                                                :
                                                                :
**BANK OF AMERICA N.A.**,                                       :
                                                                :
                              Defendant.                        :
                                                                :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 23, 2020, the United States filed a complaint against Bank of America N.A. to enforce the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619. (ECF No. 1.) The United States alleged that the bank's "policies and practices of denying mortgage loans and home equity loans to individuals with guardians and conservators constituted discrimination on the basis of disability," "had the effect of denying or discouraging equal opportunity to obtain lending services to persons with disabilities," and "had a disproportionate adverse effect on persons with disabilities." (*Id.* at 4-5.)

On the same day, the parties filed a settlement agreement. (ECF No. 2.) I directed the parties to file a joint submission explaining why it is appropriate for the Court to enter the proposed agreement, and the parties filed their submission on August 27, 2020. (ECF No. 8.)

There is a "strong federal policy favoring the approval and enforcement" of a negotiated settlement following a government investigation. *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 293 (2d Cir. 2014) (citation and quotation marks omitted). A district court "reviewing a proposed consent judgment involving an enforcement agency" must "determine whether the

proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved in the event that the consent decree includes injunctive relief." *Id.* at 294 (citation and quotation marks omitted). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Id.*[1]

I have reviewed the parties' proposed settlement and conclude that it satisfies these requirements. In assessing whether the agreement is fair and reasonable, I have considered (1) the "basic legality" of the agreement, (2) whether its terms are "clear," (3) whether it "reflects a resolution of the actual claims in the complaint," and (4) whether it is "tainted by improper collusion or corruption of some kind." *Id.* at 294-95. The proposed agreement is legal, its terms are clear and it resolves the claims in the complaint. It was negotiated at arm's length by competent and experienced attorneys. *See United States v. N.Y.C. Hous. Auth.*, 347 F. Supp. 3d 182, 207 (S.D.N.Y. 2018) ("In examining whether a proposed consent decree is 'tainted by improper collusion or corruption of some kind,' post-*Citigroup* cases have considered whether the settlement resulted from arm's-length negotiation, the sophistication of the parties and competence of counsel, and the extent to which the proposed decree reflects adversarial negotiations.").

In addition, the agreement is consistent with public policy, and there is no indication that it would disserve the public interest. It furthers "the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States," 42 U.S.C. §

---

[1] The Second Circuit articulated this standard in the context of an SEC enforcement action, but courts have applied the standard to other contexts, including enforcement of the FHA. *See* Order, *United States v. JPMorgan Chase Bank, NA*, No. 17-CV-347 (S.D.N.Y. January 20, 2017) (reviewing a consent order in an action to enforce the FHA under the *SEC v. Citigroup Global Markets* standard).

3601, by ensuring that the bank will maintain policies that do not unfairly prohibit lending to individuals with disabilities that have legal guardians or conservators.

       For these reasons, I grant the parties' request that the Court enter the proposed settlement agreement.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated:  Brooklyn, New York
           September 11, 2020